Day, J.,
 

 The sole question presented for our determination is whether, for inheritance tax purposes, the twenty parcels of real estate subject to 99-year leases, renewable forever, in which the decedent had an undivided one-half interest at the time of her death, should be valued by the capitalization method prescribed by Section 5342, General Code, or by the actual market value method prescribed by Section 5341, General Code.
 

 Section 5342, General Code, provides, in part, as follows : _
 

 “The value of a future or limited estate, income, interest or annuity for any life or lives in being, or of any dower interest or other estate or interest upon which any estate or interest the succession to which is taxable under this chapter is limited, shall be determined by the rule, method and standard of mortality and value employed by the superintendent of insurance in ascertaining the value of annuities for the determination of liabilities of life insurance companies, except that the rate of interest shall be five per centum per annum.”
 

 Now what is the character of the inheritance of William E. Jacobs? Is it such as falls within the scope of Section 5342, General Code? If it is, then the capitalization method prescribed by that section must be followed. Otherwise, the method prescribed by Section 5341, General Code, must be employed.
 

 Analyzing Section 5342, General Code, we find that the estates and interests which come under its purview are such as depend for their continued existence upon a “life or lives in being”. It will be observed
 
 *219
 
 that the words, “future or limited estate, income, interest or annuity” are immediately followed by the descriptive phrase, “for any life or lives in being”. The words “for any life or lives in being” modify the words “estate, income, interest or annuity”. It is our construction, therefore, that each of the estates mentioned in said section of the General Code were intended by the Legislature to be for a “life or lives in being”.
 

 The intention of the Legislature to limit the application of that statute to estates and interest for a “life or lives in being” is partly evidenced by the provision requiring the values to be determined “by the rule, method and standard of mortality and value employed by the superintendent of insurance in ascertaining the value of annuities”, etc. When values are determined in accordance with expectancy of life and by the use of mortality tables, it is reasonable to conclude that the interest or estates thus valued is one, the duration of which is for a “life or lives in being”. It is to such interests and estates that Section 5342, General Code, was intended to and does apply.
 

 We now come to the proposition whether, for inheritance tax purposes, the succession of William E. Jacobs to an undivided one-half interest in the twenty parcels of real estate, subject to 99-year leases, renewable forever, is such as is comprehended by Section 5342, General Code. We are of the opinion that it is not. The interest of a lessor in a fee simple estate, subject to a 99-year lease, renewable forever, does not depend for its continued existence upon a “life or lives in being”. It continues as real property even after death of a “life or lives in being”, and is subject to the laws governing inheritance of real property.
 

 For inheritance tax purposes, real estate, subject to 99-year leases, renewable forever, should be appraised at its actual market value as of the time of the accrual of the tax, as provided in Section 5341,
 
 *220
 
 General Code, not by a capitalization of the annual rental income, as prescribed by Section 5342, General Code. Such market value should be- determined by taking into consideration all the facts and circumstances which in any way influence real estate values, such as, location, character of the property, the nature and condition of the improvements on the land, the value of other property in the immediate neighborhood, scale of rents, and sales during the preceding year of other property in the immediate neighborhood, etc. To do otherwise would often lead to unsound valuations.
 

 Holding the views we expressed above, the judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Stephenson, Williams, Jones, Matthias and Zimmerman, JJ., concur.